Filed 2/22/24  P. v. Monroy CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH WAYNE MONROY,<br><br>    Defendant and Appellant. | 2d Crim. No. B325666<br>(Super. Ct. No. PA085567)<br>(Los Angeles County) |

Joseph Wayne Monroy was convicted of voluntary manslaughter.  (Pen. Code, § 192, subd. (a))[1]  He appeals an order denying his section 1172.6 petition for resentencing.  The order was made at the prima facie stage of the proceedings.

We affirm.  The record of conviction shows that appellant is ineligible for section 1172.6 relief because he was the actual killer.  Furthermore, at the prima facie hearing appellant's counsel conceded that the petition was without merit.

---

[1] All statutory references are to the Penal Code.

*Appellant's Plea and Sentence*

Appellant was charged with murder. (§ 187, subd. (a).) Pursuant to a plea bargain, in January 2018 he pleaded no contest to voluntary manslaughter and admitted a firearm-use enhancement (§ 12022.5). He was sentenced to prison for an aggregate term of 21 years: the upper term of 11 years for voluntary manslaughter plus the upper term of 10 years for the firearm-use enhancement.

*Relevant Facts Based on*
*Transcript of Preliminary Hearing*

At the preliminary hearing the following testimony was presented:

Wilmar Gonzalez (Wilmar) testified that appellant had shot Wilmar's brother, Rudy Gonzalez (Rudy), during an argument between appellant and both brothers. Appellant "just started shooting." Wilmar turned around and ran away. After the shooting Wilmar heard appellant do "some wicked laugh" and say, "'ha, ha, ha, ha. That's what you get.'"

A police officer testified that Wilmar said he heard two shots. After the second shot, Wilmar said he heard appellant say, "'My shit jammed.'"

Juan Gonzalez (Juan), a bystander, testified that he had seen two persons (Wilmar and Rudy) confront appellant. The two persons ran away. Appellant fired a gun at one of the persons. He "heard two shots."

Margarito Posadas was with Juan Gonzalez. Posadas also testified at the preliminary hearing. Posadas told a police officer that he had seen appellant remove a handgun from his pants pocket. Appellant "chased the victim . . . into [a] walkway." At that point, Posadas heard the second of two gunshots.

Rudy's cause of death was a single gunshot wound to the chest. He did not sustain any other gunshot wounds. The petition mentioned nothing about whether appellant was the actual killer.

*Counsel's Concession*

When appellant initially appeared with counsel before the trial court on the section 1172.6 petition, the court stated: "I know this case. I remember it. The defendant was the actual killer. He is the only defendant involved. [¶] There is no basis for the [petition] that I can see, but I'm going to set it for [a prima facie] hearing . . . ." Appellant's counsel did not deny that his client was the actual killer.

At the beginning of the prima facie hearing, appellant's counsel conceded that the section 1172.6 petition was without merit. Counsel said, "I would submit on the issue of changing the nature of the charge [i.e., the section 1172.6 petition to vacate the manslaughter conviction and to be resentenced on any remaining counts][.] *I believe that there's no legal basis for that*; however, we would ask that the court would consider in its discretion striking any of the enhancements that have been admitted." (Italics added.)

In his reply brief appellant asserts, "To the extent this Court . . . agrees with respondent that trial counsel's remarks amounted to a concession that the petition is meritless, appellant has been deprived of his right to the effective assistance of counsel." We disagree. It is reasonable to infer that counsel knew appellant was ineligible for section 1172.6 relief because he was the actual killer.

In any event, "'there is no constitutional right to the effective assistance of counsel' in state postconviction

3

proceedings," such as the prima facie stage of a section 1172.6 proceeding.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226 (*Delgadillo*); see also *id.*, at p. 227 ["there is no federal constitutional right to counsel under subdivision (c) [the prima facie stage] of section 1172.6, and the right to counsel at that point in the proceedings is purely statutory"].)

*Appellant Failed to Make a Prima Facie Showing*

"[T]he court may appropriately deny a [section 1172.6] petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*."  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)  "We independently review a trial court's determination on whether a petitioner has made a prima facie showing."  (*Ibid.*)

Section 1172.6 "relief is unavailable if the [petitioner] was . . . the actual killer . . . ."  (*People v. Strong* (2022) 13 Cal.5th 698, 710; see also *Delgadillo*, *supra*, 14 Cal.5th at p. 233 ["Delgadillo is not entitled to any relief under section 1172.6" because "the record here makes clear that Delgadillo was the actual killer and the only participant in the killing"].)

The preliminary hearing transcript shows that appellant was "the actual killer and the only participant in the killing." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.)  Without the assistance or encouragement of any other person, appellant fired the bullet that caused Rudy's death.  Moreover, appellant admitted an allegation that he had personally used a firearm.  Based on the testimony at the preliminary hearing, only one person – the actual killer – used a firearm.  (See *People v. Garrison* (2021) 73 Cal.App.5th 735, 743 ["a finding that a defendant personally used a firearm does not in itself prove a defendant is the actual killer

4

[citation], [but] the facts of a particular case may support only that conclusion"].)

Appellant contends that, at the prima facie stage, a petitioner's allegations that he or she meets the criteria for relief cannot be refuted by relying on the preliminary hearing transcript. Appellant argues that his "properly completed petition for resentencing is all that was required to fulfill his burden at the prima facie showing phase of these proceedings."

"Courts of Appeal are split on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing under section 1170.95." (*People v. Flores* (2022) 76 Cal.App.5th 974, 989 (*Flores*).) The issue is pending before our Supreme Court in *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June, 28, 2023, S279670. (See the 6/30/2023 Supreme Court News Release for *Patton*, #23-129 ["This case presents the following issue: Did the trial court engage in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny defendant's Penal Code section 1172.6 petition at the prima facie stage? (See *People v. Lewis* (2021) 11 Cal.5th 952 [(*Lewis*)].)"].)

The preliminary hearing transcript is part of the record of conviction. (*People v. Davenport* (2023) 95 Cal.App.5th 1150, 1159; *Flores, supra,* 76 Cal.App.5th at p. 989, fn. 11.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder [or manslaughter] culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of

5

a single-step prima facie review process." (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

"Although evidence adduced at the preliminary hearing establishes, at most, only that 'there is "sufficient cause" to believe defendant guilty of a public offense' [citation], that limitation does not necessarily preclude the trial court from allowing such evidence to 'inform the trial court's prima facie inquiry under section [1172.6]' to determine whether the petition is 'clearly meritless' (*Lewis*, *supra*, 11 Cal.5th at p. 971). Nothing in *Lewis* supports the proposition that the preliminary hearing transcript may 'inform the trial court's prima facie inquiry' only when the [petitioner] has stipulated to the transcript as the factual basis for his plea." (*People v. Pickett* (2023) 93 Cal.App.5th 982, 993, review granted Oct. 11, 2023, S281643.)

Our Supreme Court has commented favorably upon the reliability of evidence presented at a preliminary hearing: "We conclude the [preliminary hearing] transcript was part of the record of the prior conviction, whether that term is used technically, as equivalent to the record on appeal [citation], or more narrowly, as referring only to those record documents reliably reflecting the facts of the offense for which the defendant was convicted. The transcript falls within even the narrower definition because the procedural protections afforded the defendant during a preliminary hearing tend to ensure the reliability of such evidence. Those protections include the right to confront and cross-examine witnesses and the requirement those witnesses testify under oath, coupled with the accuracy afforded by the court reporter's verbatim reporting of the proceedings." (*People v. Reed* (1996) 13 Cal.4th 217, 223.)

6

Accordingly, we conclude that where, as here, the petitioner's conviction was based on a guilty or no contest plea so there is no trial transcript, a court can consider the preliminary hearing transcript at the prima facie stage. The preliminary hearing transcript unequivocally establishes that appellant was the actual killer. He is therefore ineligible for section 1172.6 relief as a matter of law. Although appellant did not admit that he was the actual killer, his counsel justifiably conceded in open court that there was "no legal basis" for the petition.

In these circumstances, the trial court did not err in summarily denying the petition at the prima facie stage. The petition was "clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) It would be a waste of judicial resources to reverse and remand the matter for the purpose of conducting an evidentiary hearing. We reject appellant's claim that "[t]he superior court's dismissal of the petition without . . . allowing appellant to present evidence at a hearing . . . violated appellant's procedural due process rights." "It is fundamental that courts do not engage in futile acts." (*In re Pratt* (1980) 112 Cal.App.3d 795, 880.)

*Disposition*

The order denying appellant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

7

David W. Stuart, Judge

Superior Court County of Los Angeles

_____

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, Theresa A. Patterson, Deputy Attorney General, for Plaintiff and Respondent.